66 F.3d 346
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pedro A. RAMOS, M.D., Plaintiff-Appellant,
v.
BOEHRINGER MANNHEIM CORP., (now DePuy, Inc.) Defendant-Appellee.
 No. 95-1063.
 United States Court of Appeals, Federal Circuit.
 Sept. 8, 1995.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Pedro A. Ramos, M.D. appeals the judgment of the United States District Court for the Southern District of Florida,[1] holding that Boehringer Mannheim, Inc. (herein DePuy) did not infringe Dr. Ramos' United States Patent No. 4,380,090. The judgment of the district court is affirmed.
 
 DISCUSSION
 
 2
 Reference is made to our decision of even date in the case of Ramos v. Biomet, Inc., Nos. 94-1004,--1129, involving the same patent but a different accused design, for which infringement was found at trial and affirmed on appeal. The patent in suit is described in our opinion in that case and in the various district court opinions.
 
 
 3
 Dr. Ramos argues that the district court in this case was bound to follow the claim interpretation of the district court in the prior Biomet case. The district court rejected this argument, see Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1570, 28 USPQ2d 1081, 1092 (Fed.Cir.1993), cert. denied, 114 S.Ct. 154) (1994), for comity is not required between district courts, absent any basis for collateral estoppel. However, in accordance with Markman v. Westview Instruments, Inc., 52 F.3d 967, 34 USPQ2d 1321 (Fed.Cir.1995) (en banc ), we have conducted de novo review of the district court's claim construction. We have applied this uniform claim construction to both cases.
 
 
 4
 Claim 1 requires that the locking ring and the bearing sections are separate components of the hip, and that the ring be "in abutment with said outer surface portion of the bearing insert outer section" when the hip is assembled. The DePuy device consists of an outer acetabular cup, a one piece bearing insert, a locking collar, and a femoral ball component. Unlike the Ramos device, and also unlike the Biomet device, the collar is locked to the bearing insert before assembly of the hip; and the femoral ball fits into the bearing with the collar attached, before the assemblage is inserted in the acetabular cup.
 
 
 5
 Dr. Ramos argues that the claim reads on any device with a sectionalized bearing insert that has two sections which "may, or may not, be separately removable from the first cavity, so long as, in conjunction with the locking ring, they cooperate 'in operative engagement' to retain the femoral ball in the second cavity." We do not agree, for neither the claim language nor the prosecution history supports that interpretation.
 
 
 6
 Applying the claim to the DePuy device, the district court found not only that the DePuy device does not have the two-piece "sectionalized bearing insert" required by the '090 claims, but also that the locking collar of the DePuy device does not function as a bearing. The evidence showed that during normal use there is no surface contact between the locking collar and the ball of the femur. Although Dr. Ramos presented testimony that during extremes of motion the collar comes in contact with the ball of the femur, the district court concluded, we think correctly, that "mere contact between components does not a bearing make." There was evidence that locking collar portions of the DePuy artificial hip had been examined after they had been used, and did not exhibit any signs of wear or stress, as would have been present had they functioned as bearings. There was evidence that the DePuy engineers considered a broad range of materials for the collar, on which the district court found "none of which is appropriate for use in load bearing prosthetic components."
 
 
 7
 Although Dr. Ramos argues that the district court did not correctly weigh the evidence, we do not discern clear error in the court's findings that the collar as structured in the DePuy device does not function as a bearing. No clear error has been shown in the ultimate finding that the DePuy device does not literally infringe the '090 patent.
 
 
 8
 Turning to the doctrine of equivalents, we apply the criteria established in Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 609-10, 85 USPQ 328, 331 (1950); see Hilton Davis Chem. Co. v. Warner-Jenkinson Co., No. 93-1088, 1995 WL 468346 (Fed.Cir. Aug. 8, 1995) (en banc).
 
 
 9
 Dr. Ramos argues that the district court erred in finding that the two devices do not perform their function as a hip prosthesis in substantially the same way. DePuy states that its device is self-centering, thus keeping the collar in a position whereby it does not perform a bearing function, and therefore that the outer collar is not equivalent to the '090 outer bearing section. Dr. Ramos responds that the collar of the DePuy device is simply a combination of two of the '090 elements, viz., the locking collar and the outer bearing section, and performs the function of both.
 
 
 10
 There was preponderant evidence at the trial that the structure that contained the locking collar of the DePuy device does not perform a bearing function. The DePuy device contains a bearing insert which is locked to the locking collar, but the locking collar itself does not function as a bearing. DePuy presented evidence that when its hip prostheses were removed from patients, its locking collars showed no signs of wear, and did not function as a bearing.[2]
 
 
 11
 We conclude that the district court did not clearly err in finding that the DePuy device does not infringe the '090 patent, literally or in terms of the doctrine of equivalents.
 
 
 
 [1]
 Ramos v. Boehringer Mannheim Corp., No. 90-0146 CIV (S.D.Fla. Aug. 22, 1994)
 
 
 [2]
 The DePuy and Biomet devices, although similar in some respects, differ in some ways. In the DePuy device, the locking collar is locked to the bearing insert prior to assembly, neither component can be removed separately, and the locking collar was shown not to function as a bearing. In the Biomet device, the locking collar is not locked to the bearing insert, can be removed without removing the bearing insert, and was shown to function as a bearing in certain circumstances